PeR Ctjeiam.
 

 On the 14th of February, 1786, Southerland Mayfield, the ancestor of John, the defendant, made a bond with condition to Haggard for 200 acres of land on Indian Camp Creek,
 
 beginning at a big sycamore, and coming down the creek.
 
 He had a grant beginning at the sycamore, dated April 14th, 1785. He died 1789; and Gibson, after marrying his widow, died in 1792. In April, 1785, letters of administration were granted to the widow; and on the 14th of April, 1795, she conveyed 200 acres on the waters of Mill Creek .(formerly called Indian Camp Creek), part of the land granted to Southerland Mayfield on the 7th of March, 1786, beginning at a sycamore, then * west, 280; then north, 114; thence east, 200; thence south, to the beginning. This land was never registered. It was proved thus, by one witness, that the body and signature was in the handwriting of S. Mayfield ; that Nolen, one of the three subscribing witnesses, is dead, and that his name subscribed to the bond is in his handwriting; that the name John M‘Gee, he believes to be in the handwriting of May-field ; that M‘Gee lived in the station with Mayfield; at the date of the bond had left the country, and had not been heard of for 10 years, and was reported to be dead. He said further, that a person of the name of Gibson lived in the station at the same time, and married the widow of S. Mayfield, and is dead, but believes he could not write ; he was the third subscribing witness.
 

 The questions are : Is this bond well proved ? Could the admin-istratrix convey without registration of the bond under the act of 1794, ch. 5? Could she convey unless the land were laid off as directed by § 4 ? Were the heirs of Haggard barred, as against the administratrix or heirs of S. Mayfield ?
 

 First, that the proof of the bond was sufficient, we refer to a decision at this term, and to the cases cited Peake’s Evidence, 105. The handwriting of M‘Gee and Gibson never can be proved, as they could not write at all.
 

 Secondly, the next question is decided in Tenn. Reports, 237;
 
 *610
 
 that the executor or administrator may convey though the bond be not registered.
 

 Thirdly, the fourth section of 1794, ch. 5, § 4, relates to part of a tract to be conveyed, the position whereof is not ascertained in the bond. Here it is stated in the bond
 
 to be
 
 200
 
 .acres on Indian Camp Creek, beginning at a big sycamore and coming down the creek for complement, ineluding a spring on the east side of the creek.
 
 This will admit of placing the 200 acres on the south boundary or on the' east boundary, * and in either case would be down the creek from the sycamore. But as the placing it one way might be more to the disadvantage of the heirs than placing it on the other, and as the law did not mean to vest any discretion in the executor, as to which of several places the land should lie at, therefore this case is within the fourth clause. This is a power which the executor ought not to have; for, in case of the personal estate, he might be tempted to give an. option to the obligee, such as he might very unreasonably require, rather than pay the value of the bond out of the personalty.
 

 As to the act of limitations of 1715, ch. 41, § 9, and of 1789, where is the obligee in such a case as the present barred as against the heir ? He has no demand against the executor when he elects the land, and cannot therefore be barred as to him. His demand is only against the heir, and that, too, in equity, upon a trust to be performed by the heir, who, until performance, holds the land for the obligee. And he is only barrable as in the case of equities, by the lapse of 20 years unaccounted for.
 

 Upon this view of the cause, though the evidence was improperly rejected, yet for want of the division directed in 1794, ch. 5, § 4, the power given by the act to the administratrix hath not been pursued ; therefore the deed made by her is void, and the plaintiff’s remedy is in equity for a specific performance.
 

 The judgment of the Circuit Court ought not to be reversed, but affirmed.
 
 Affirm the judgment.
 

 See, as
 
 in perfecting imperfect titles, Carter
 
 v.
 
 Parrot,
 
 1 Tenn. 237;
 
 Bartlett
 
 v.
 
 Watson,
 
 3 Sneed, 287. As to
 
 equitable conversion, Stephenson
 
 v.
 
 Yandle,
 
 3 Hay. 109, and note
 
 sub fin.
 
 As to
 
 evidence of handwriting, Stump
 
 v.
 
 Hughes, 5
 
 Hay. 93, and note
 
 sub. fin.
 
 As to
 
 limitation, Coleson
 
 v.
 
 Blanton,
 
 3 Hay. 158, and note
 
 sub fin.
 
 See King’s Digest, 467, 469, 602, 5970, 8484.