## MARY J. HYDEN v. E. W. HYDEN et al.

1. MARRIED WOMEN. *Resulting trust.* To establish a resulting trust in favor of the wife, who alleges the use of her money by her husband in the purchase of land with the understanding that the title should be taken in her name, when in fact the deed to the land vests it in the husband, the proof showing the truth of these facts must be clear and irrefragible.

Case cited: McCammon v. Pettit and others, 3 Sneed, 246.

2. EVIDENCE. *When husband's evidence not admissible.* Where a wife seeks to establish such a trust in equity, making the husband defendant, his evidence is not admissible.

### FROM M'MINN.

Appeal from the Chancery Court. D. M. KEY, Chancellor.

BLIZARD & BRADFORD for defendant.

W. H. BRIANT for plaintiff.

FREEMAN, J., delivered the opinion of the court.

The purpose of this bill is to set up and establish a resulting trust in a tract of land of 105 acres, purchased by E. W. Hyden of one John E. Hickox in January or February, 1857. It is claimed in the bill that the means of Mrs. Hyden, wife of defendant E. W. Hyden, to which she was entitled from her father's estate, were paid for the land, with an agreement between her and her husband that the title to

the land should be taken to the wife, and for her benefit.

That such a parol trust may be set up contrary to the face of a deed, is well settled; but it is equally well settled, that in order to the establishment of such a trust in opposition to the terms of a written instrument, the proof must be most convincing and irrefragable. In the language of the court in the case of *McCammon* v. *Pettit et als.*, 3 Sneed, 246, "the courts have been deeply impressed with the danger of this kind of proof, as tending to perjury, and the insecurity of proper titles. It has therefore been uniformly required, in this class of cases, that the payment of the money of the person who claims to be a *cestui que trust*, should be clearly proven." The court add: "The same rule applies in this case as in a bill filed to convert a sale or deed, apparently absolute, into a mortgage or conditional sale." This rule is based on the soundest legal principles, for the parol proof must of necessity be the testimony of witnesses as to what parties have said or verbally agreed to—a class of testimony notoriously weak; and the fact to be overturned is a writing, the best evidence as to where the legal title is.

In view of these rules, the complainant fails entirely to make out her case. The testimony of the only witness who comes near making out her case, is subject to much suspicion, from the apparent fact of his evident leaning in favor of his sister—natural, perhaps,. but adding nothing to the strength of his testimony. In the next place, the proof shows that a

negro woman and a horse, and perhaps thirty dollars, were paid for the land. This negro woman was bought by the husband at the sale of the father's estate, and taken possession of by the husband and kept in his possession for near ten months before the purchase of the land. It is too clear for argument, that this property was the property of the husband; that whether bid off by himself or wife at the sale, it was equally his, as being the wife's personalty reduced to possession by the husband; and thus, whatever agreement there might have been, there could be no resulting trust in the land by reason of the payment for it with this negro woman, as it was not the use of the wife's money for the purpose.

We need not examine the question as to the horse and twenty or thirty dollars in money paid, as we do not think a contract is proven with sufficient certainty under the rule to raise a trust such as is sought to be established. The husband's testimony was properly rejected; he was clearly incompetent; and there is no other sufficiently satisfactory testimony on which to raise the trust. The Chancellor so held, and we affirm his decree with costs.